Russell H. Birner (181835)
WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant
ROBERT W. LITTLE,
as Administrator of the Robert W.
Little Insurance Agency, Inc. Retirement
Plan Three

Robert F. Keehn (115848)
LAW OFFICE OF ROBERT F. KEEHN
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 551-6525
Facsimile: (310) 284-3106

Attorneys for Plaintiff
DOUGLAS S. YIP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS S. YIP, | CASE NO. 09-CV-5683 RGK (JEMx) |
| Plaintiff, | **JOINT STATEMENT OF UNDISPUTED AND DISPUTED FACTS** |
| vs. | |
| ROBERT W. LITTLE, as Administrator of the Robert W. Little Insurance Agency, Inc. Retirement Plan Three, | Trial Date: March 1, 2011 |
| Defendant. | |

Plaintiff, Douglas S. Yip, and Defendant, Robert W. Little, as Administrator of the Robert W. Little Insurance Agency, Inc. Retirement Plan Three, submit this Joint Statement of Undisputed and Disputed Facts.

## UNDISPUTED FACTS

1. Plaintiff Douglas S. Yip was employed by the Robert W. Little Insurance Agency, Inc. beginning in 1993. (*Declaration of Douglas S. Yip ("Yip Decl.")*, ¶ 3 – attached to Plaintiff's Opening Trial Brief)

2. Subsequently, Plaintiff became a participant in the Robert W. Little Insurance Agency, Inc. Retirement Plan Three ("Retirement Plan"). (*Yip Decl.*, ¶ 4)

3. Plaintiff remained employed by the Robert W. Little Insurance Agency, Inc. until his employment was terminated in August 2008. (*Yip Decl.*, ¶ 5)

4. For purposes of this action, the parties have agreed that Robert W. Little may be considered the "administrator" of the Retirement Plan, within the meaning of ERISA, 29 U.S.C. § 100(16)(A).

5. On December 5, 2008, Plaintiff wrote to Defendant, requesting copies of the plan documents specified in 29 U.S.C. § 1024(b)(4). (*Exhibit 1 to Plaintiff's Appendix of Trial Exhibits*)

6. In his December 5, 2008 letter, Mr. Yip also asked for "[c]opies of all modifications and changes made to the Plan from the time I became a participant to the present" and "[w]ritten evidence of the delivery to me of all notifications and receipts that the Plan Administrator was required to furnish me for the Plan."

7. Defendant's prior attorney, Michael S. Langford, responded to Plaintiff's request under cover of December 12, 2008. He informed Plaintiff that he was in possession of the Retirement Plan's Summary Annual Report and Plaintiff's Participant Statement for the Plan Year ending October 30, 2007, and that the 2008 document had not yet been completed. Mr. Langford also advised that he had

1  forwarded Plaintiff's December 5, 2008 letter to a third-party plan administrator,
2  and that he was "in the process of obtaining the documents requested." (*Exhibit 2 to*
3  *Plaintiff's Appendix of Trial Exhibits*)
4      8.   On December 19, 2008, Langford provided the 2007 Summary Annual
5  Report and Plaintiff's Participant Statement to Plaintiff.  (*Exhibit 6 to Defendant's*
6  *Opening Trial Brief*)
7      9.   On January 13, 2009, defendant's attorney Mr. Langford again wrote to
8  counsel for plaintiff, enclosing copies of the Summary Annual Report and Plaintiff's
9  Participant Statement for the plan year ending October 30, 2007. (*Exhibit 3 to*
10 *Plaintiff's Appendix of Trial Exhibits*)
11     10.  Plaintiff filed this lawsuit on August 4, 2009.
12     11.  On September 15, 2009, Plaintiff provided notice of the lawsuit to
13 Defendant. (*Exhibit 17 to Plaintiff's Supplemental Appendix of Trial Exhibits*)
14     12.  On October 21, 2009, having received notice of this lawsuit, Mr.
15 Langford faxed another copy of plaintiff's December 5, 2008 letter to the third-party
16 administrator.  (*Exhibit 18 to Plaintiff's Supplemental Appendix of Trial Exhibits*)
17     13.  More of the documents requested by plaintiff were provided via an
18 October 23, 2009 letter from Mr. Langford. (Exhibit 4, plaintiff's Appendix of Trial
19 Exhibits.) On October 23, 2009, Mr. Langford sent Plaintiff  the Summary Annual
20 Reports for 1994-2008, a copy of the Retirement Plan, a copy of the Summary Plan
21 Description, and Plaintiff's Participant Statements from 1995-2008, a total of 135
22 pages. (*Exhibit 5 to Plaintiff's Appendix of Trial Exhibits*)
23     14.  On December 15, 2009, counsel for Mr. Yip wrote to defense counsel,
24 requesting additional documentation and information concerning the Retirement
25 Plan. Among other things, counsel asked for confirmation that the documents
26 provided with Mr. Langford's October 23, 2009 letter represented a full and
27 complete response to Plaintiff's December 5, 2008 request; asked for the paperwork
28

3
JOINT STATEMENT OF UNDISPUTED AND DISPUTED FACTS

necessary for Mr. Yip to roll over his retirement plan benefit; and asked for an explanation regarding the calculation of Plaintiff's retirement benefit as reflected on Plaintiff's most recent participant statement. (*Exhibit 6 to Plaintiff's Appendix of Trial Exhibits*)

15. Counsel for Mr. Yip sent a follow-up letter on February 1, 2010. (*Exhibit 7 to Plaintiff's Appendix of Trial Exhibits*)

16. On February 21, 2010, defense counsel sent an e-mail to counsel for plaintiff, explaining that the earlier inquiries on behalf of Mr. Yip were being addressed and that a response would be forthcoming soon. (*Exhibit 8 to Plaintiff's Appendix of Trial Exhibits*)

17. Defense counsel sent another e-mail on March 17, 2010, stating among other things that the documents previously produced by Mr. Langford represented a complete response to Mr. Yip's December 5, 2008 request. (*Exhibit 9 to Plaintiff's Appendix of Trial Exhibits*)

18. On August 5, 2010, defense counsel wrote to counsel for Mr. Yip. The letter provided an explanation regarding the manner in which the numbers set forth in Plaintiff's participant statement for the plan year ending October 30, 2008 had been calculated. The August 5, 2010 letter also stated that there had been no changes to the Retirement Plan during the years Plaintiff participated. The letter further enclosed paperwork for the distribution of Plaintiff's accrued benefit under the Retirement Plan, which was stated to be $40,790.00. (*Exhibit 10 to Plaintiff's Appendix of Trial Exhibits*)

19. Mr. Yip's attorney again wrote to defense counsel on August 10, 2010. Among other things, counsel inquired about a significant discrepancy between the original plan document and the summary plan description insofar as the formula for determining retirement benefits, and said discrepancy's impact on Defendant's calculations regarding Plaintiff's retirement plan benefits, was concerned. Counsel

also inquired about the apparent assumed return rate on annuities as set forth in defense counsel's August 5, 2010 letter. (*Exhibit 11 to Plaintiff's Appendix of Trial Exhibits*)

20. Counsel for the parties spoke by telephone on December 8, 2010. In the course of that conversation, Mr. Yip's counsel was advised for the first time that the Retirement Plan had been amended in 1999 to reduce the benefit calculation percentage from 63.75% to 36.22%. (*Declaration of Robert F. Keehn ("Keehn Decl.")*, ¶ 11 – attached to Plaintiff's Opening Trial Brief)

21. On December 9, 2010, defense counsel e-mailed documentation of the 1999 amendment, and on December 14 e-mailed additional documentation reflecting handwritten notes apparently demonstrating how the numbers on Plaintiff's plan participant statements had been arrived at. (*Exhibits 12 and 13 to Plaintiff's Appendix of Trial Exhibits*)

22. On January 11, 2011, Robert W. Little, the Retirement Plan's trustee, testified individually and under Federal Rule of Civil Procedure 30(b)(6) on behalf of the Retirement Plan. He did not know the basis for determining that the value of Plaintiff's accrued benefit was $40,790.00, as set forth in the enclosures to defense counsel's August 5, 2010 letter, nor was he able to state whether, or how, the Retirement Plan's participants had been given notice of the 1999 amendment reducing the salary-based percentage formula for calculating retirement benefits. (*Deposition of Robert W. Little ("Little Depo")*, 47:7- 14 and 56:20-59:22 - *Exhibit 16 to Plaintiff's Appendix of Trial Exhibits*)

23. A document reflecting the October 1995 distribution of a summary plan description for the Retirement Plan to various participants, including Plaintiff, was produced to counsel for Plaintiff by defense counsel at the Swick deposition. (*Keehn Decl.*, ¶ 5 – attached to Plaintiff's Responsive Trial Brief)

## PLAINTIFF'S DISPUTED FACTS

1.  The deposition of the Retirement Plan's third-party administrator, Patsy Swick, was taken on January 24, 2011. Ms. Swick testified that to the date of the deposition, she had not calculated a lump sum payout number with which she was comfortable as representing the value of plaintiff's accrued benefit under the Retirement Plan. (*Swick Depo*, 73:24-76:13, 84:10-86:12 – *Exhibit 19 to Plaintiff's Supplemental Appendix of Trial Exhibits*).  She also testified that she had prepared the "notice" regarding the 1999 amendment to the Retirement Plan (see Exhibit 12, plaintiff's Appendix of Trial Exhibits), but that she did not know whether it was distributed. (*Swick Depo*, 62:2-63:20 – *Exhibit 19 to Plaintiff's Supplemental Appendix of Trial Exhibits*)

## DEFENDANT'S DISPUTED FACTS

1.  Since the inception of the Retirement Plan in 1995, Mr. Little has relied on third-party administrator Patsy Swick of Swick & Associates to perform all administrative functions for the Retirement Plan. (*Little Depo*, 22:19-25 – *Exhibit 1 to Defendant's Opening Trial Brief*)

2.  Mr. Little is not experienced with ERISA and does not even know what common terms such as "summary plan description" mean. (*Little Depo*, 23:9-11 and 23:25-24:8 – *Exhibit 1 to Defendant's Opening Trial Brief*)

3.  Mr. Little relied on Ms. Swick's direction with regard to the provision of Plan information to employees. (*Little Depo*, 27:12-25, 57:24-58:2, and 58:21-25 (distribution of information) and 44:24-45:9 and 45:22-46:4 (calculation of benefit) – *Exhibit 1 to Defendant's Opening Trial Brief*)

4.  Mr. Little did not personally receive the December 5, 2008 letter from Plaintiff because he was out of work recovering from emergency back surgery. (*Little Depo*, 32:17-33:7 – *Exhibit 1 to Defendant's Opening Trial Brief*)

5.  The letter, however, was forwarded to Defendant's then-counsel, Michael Langford, for handling. (*Little Depo*, 30:22-31:7 and 33:19-34:3 – *Exhibit 1 to Defendant's Opening Trial Brief*)

6.  Mr. Little believed that Mr. Langford, his former human resources attorney, had handled the response to the December 5, 2008 letter and that the necessary documents were being provided. (*Little Depo*, 30:22-31:7, 33:19-34:3, and 34:14-17 – *Exhibit 1 to Defendant's Opening Trial Brief*)

7.  Mr. Swick believed that Mr. Langford had handled the response to the December 5, 2008 letter and that the necessary documents were being provided. (*Swick Depo*, 28:7-29:11, 29:17-30:8 and 30:19-31:16 – *Exhibit A to Defendant's Responsive Trial Brief*)

8.  Ms. Swick did not discover until December 2010 that the 1999 Notice of Amendment and Amendment to the Retirement Plan were located in the wrong folder in her files and consequently were not provided to defense counsel in March and August 2010 when asked if all documents had been provided and whether there had been any changes to the Retirement Plan during Plaintiff's tenure. (*Swick Depo*, 36:11-20 – *Exhibit A to Defendant's Responsive Trial Brief*)

9.  Ms. Swick's usual practice is to place a copy of the amendment in both the "plan documents" file and in the "valuations" file, but in this instance she failed to place a copy with the plan documents. (*Swick Depo*, 54:17-55:11 – *Exhibit A to Defendant's Responsive Trial Brief*)

10. The Retirement Plan and the Summary Plan Description both indicate that the percentage used to calculate the pension benefit was reduced in 1999 from 63.75% to 36.22%. (*Exhibits 2 and 3 to Defendant's Opening Trial Brief*)

11. Ms. Swick testified that she created the 1999 Amendment and Notice of Amendment and provided it to Defendant to distribute. (*Swick Depo*, 62:14-63:3 and 63:13-23 – *Exhibit A to Defendant's Responsive Trial Brief*)

12. Defense counsel's March 17, 2010 and August 5, 2010 confirmations that there were no additional documents to produce was based on confirmation from Ms. Swick. *(Declaration of Russell H. Birner (Birner Decl.)*, ¶ 2 – attached to Defendant's Responsive Trial Brief; *Swick Depo*, 73:9-15 – *Exhibit A to Defendant's Responsive Trial Brief)*

13. Defense counsel informed Plaintiff's counsel that the most knowledgeable person on the Retirement Plan was Ms. Swick and offered a preliminary declaration from her in lieu of Mr. Little's deposition. (*Birner Decl.*, ¶ 4 – attached to Defendant's Responsive Trial Brief)

14. Ms. Swick testified that she has now reviewed all six of her files and that there are no more relevant plan documents to produce. (*Swick Depo*, 37:8-11 – *Exhibit A to Defendant's Responsive Trial Brief*)

Dated: February 18, 2011         WILSON ELSER MOSKOWITZ EDELMAN
                                 & DICKER LLP


                                 By: */s/ Russell H. Birner*
                                     RUSSELL H. BIRNER

                                 Attorneys for Defendants ROBERT W. LITTLE, as Administrator of the Robert W. Little Insurance Agency, Inc. Retirement Plan Three

Dated: February 18, 2011         LAW OFFICE OF ROBERT F. KEEHN


                                 By: */s/ Robert F. Keehn*
                                     ROBERT F. KEEHN

                                 Attorneys for Plaintiff
                                 DOUGLAS S. YIP