JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Douglas S. Yip, ) | CASE No. CV09-05683 RGK(JEMx) |
| Plaintiff, ) | **Order RE:** |
| v. ) | **Court Trial** |
| Robert W. Little, as ) Administrator of the Robert W. ) Little Insurance Agency, Inc. ) Retirement Plan Three, ) | |
| Defendants. ) | |

I. **INTRODUCTION**

On January 4, 2009, Douglas S. Yip ("Plaintiff") filed suit against Robert W. Little ("Defendant"), as Administrator of the Robert W. Little Insurance Agency, Inc. Retirement Plan Three (the "Plan"). Plaintiff is a participant in the Plan and is seeking penalties under 29 U.S.C. § 1132(c)(1) because Defendant failed to promptly produce Plan-related documents upon request as required by ERISA.[1]

Plaintiff filed a First Amended Complaint ("FAC") on November 5, 2010, after receiving some of the documents he requested. In the FAC,

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

Plaintiff updated his request for penalties and added a claim for declaratory judgment, asking the Court to resolve a discrepancy between the documents Defendant produced. Specifically, Plaintiff asked the Court to determine whether a 1999 Amendment, which purported to significantly reduce Plaintiff's benefits under the Plan, was rendered unenforceable by improper notice.

In his most recent arguments before the Court, Plaintiff asked that the declaratory judgment claim be resolved by remanding this case to the Plan administrator (i.e., Defendant) for a determination of whether notice was properly provided, and a calculation of Plaintiff's benefits.

A bench trial was held on March 1, 2011. The Court heard the matter on trial briefs submitted by both parties. The Court has reviewed the record and considered all the arguments and evidence presented. Based on the credible evidence and the reasonable inferences drawn from that evidence, the Court finds that Plaintiff is entitled to an award on his claim for penalties. The Court further determines that remand is appropriate for the purpose of resolving the questions raised in Plaintiff's declaratory relief claim.

**II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This opinion serves as the findings of fact and conclusions of law required by Rule 52 of the Federal Rules of Civil Procedure. Any finding of fact that constitutes a conclusion of law is adopted as such, and the converse is true as well.

**A. Findings of Fact**

1. Plaintiff was an employee of the Robert W. Little Insurance Agency, Inc. until he was terminated in August 2008. (Yip Decl.[2] ¶ 5.)
2. While employed with the Robert W. Little Insurance Agency, Inc., Plaintiff participated in the Plan. (Yip Decl. ¶ 4.)
3. As of January 24, 2011, Plaintiff's accrued benefits under the Plan had not yet been disbursed to him. (Yip Decl. ¶ 7.)
4. The parties have agreed that Defendant may be considered the "administrator" of the Plan, as defined by ERISA. (Joint Statement of Undisputed Facts ¶ 4.)
5. On December 5, 2008, Plaintiff wrote a letter to Defendant ("Initial Request"), requesting copies of the following (PAE,[3] Ex. 1):
   a. The latest summary description for the Plan;
   b. The latest annual report for the Plan;
   c. Copies of all modifications and changes made to the Plan after Plaintiff became a participant;
   d. Any terminal reports, bargaining agreements, trust agreement, contracts or other instruments under which the Plan is established or operated; and
   e. Written evidence of all notifications and receipts that Defendant was required to furnish to Plaintiff under the Plan.

---

[2] Declaration of Douglas S. Yip, filed with Plaintiff's Opening Trial Brief (DE 25).

[3] Plaintiff's Appendix of Exhibits, attached to Plaintiff's Opening Trial Brief (DE 25) in two volumes.

3

6. On December 19, 2008, Defendant's then-attorney provided a copy of the Plan's latest summary annual report[4] to Plaintiff. (Def.'s Opening Trial Br., Ex. 6).

7. On August 4, 2009, Plaintiff filed this lawsuit, seeking penalties for Defendant's failure to produce the documents that Plaintiff specified in his Initial Request.

8. On September 15, 2009, Plaintiff informed Defendant of this lawsuit by mail and sought waiver of service. (Pl.'s Supplemental App. of Exhibits, Ex. 18)(attached to Pl.'s Responsive Trial Br.)

9. On October 23, 2009, Defendant's then-attorney provided Plaintiff with copies of the Plan and the summary description that Plaintiff had asked for 322 days earlier in his Initial Request. (PAE, Ex. 4)

10. On November 24, 2009, Plaintiff served Defendant with the summons and complaint in this suit.

11. On December 15, 2009, Plaintiff's counsel wrote to Defendant's counsel asking for confirmation that the documents provided on October 23, 2009 represented a full and complete response to Plaintiff's Initial Request. (PAE, Ex. 6)

12. The December 15, 2009 letter also included a request for Defendant to determine the value of Plaintiff's accrued retirement benefits and provide the paperwork necessary for Plaintiff to withdraw the benefit amount. (*Id.*)

13. On February 1, 2010, Plaintiff's counsel sent a letter to Defendant's counsel, reminding Defendant's counsel that the

---

[4] This summary is a document distinct from the complete annual report that Plaintiff was entitled to, but Plaintiff does not claim to be unsatisfied with the summary.

1 letter from December 15, 2009 remained unanswered. (PAE, Ex. 7)
2 14. On March 17, 2010, Defendant's counsel sent an email to
3 Plaintiff's counsel stating that the previously produced
4 documents represented a complete response to Plaintiff's Initial
5 Request. (PAE, Ex. 9)
6 15. On August 5, 2010, Defendant's counsel wrote to Plaintiff's
7 counsel, stating that there had been no changes to the Retirement
8 Plan during the years that Plaintiff participated. (PAE, Ex. 10)
9 16. The August 5, 2010 letter also stated that Plaintiff's accrued
10 retirement benefit amounted to $40,790. (*Id.*)
11 17. On August 10, 2010, Plaintiff's counsel wrote to Defendant's
12 counsel, inquiring about a significant discrepancy between the
13 Plan and summary plan description that Defendant had previously
14 produced. The Plan specified a benefit calculation percentage of
15 63.75%, while the summary plan description specified 36.22%.
16 (PAE, Ex. 11)
17 18. On December 9, 2010, Defendant's counsel sent an email to
18 Plaintiff's counsel, providing documentation of an amendment to
19 the Plan ("1999 Amendment") that was not disclosed in any of the
20 previously produced documents. This disclosure occurred 734 days
21 after the Initial Request, in which Plaintiff asked for copies of
22 "all changes to the plan." (PAE, Ex. 12)
23 19. The 1999 Amendment purports to reduce the percentage used to
24 calculate Plaintiff's retirement benefit from 63.75% to 36.22%.
25 (*Id.*)
26 20. Patsy Swick, the third party administrator who provided
27 Defendant's counsel with the $40,790 valuation of Plaintiff's
28 accrued retirement benefits, expressed a lack of confidence in

that valuation during her deposition. (Swick Dep., 86:1-12; Little Dep., 47:14) (For relevant portions of both depositions, see Pl.'s Supplemental App. of Exhibits, Ex. 19 and Ex. 20.)

**B.     Conclusions of Law**

Plaintiff asks the Court to impose penalties on Defendant for his failure to provide Plan documentation within 30 days of Plaintiff's request, as required under ERISA. In addition, Plaintiff asks the Court to remand this case to the Plan Administrator for certain factual determinations that will affect Plaintiff's retirement benefits. The Court finds that the relief Plaintiff seeks is warranted, as described below.

   1.   *Jurisdiction*

The Court has jurisdiction over this ERISA matter pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

   2.   *Judicial Standard*

        a.        *Document Disclosure Under ERISA*

The administrator of an employee benefit plan that is subject to ERISA must furnish a copy of certain documents to plan participants upon request. 29 U.S.C. § 1132(c)(1)(B). Documents that must be furnished include the latest updated summary and annual report, along with the plan description and "any . . . contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Plan participants are also entitled to receive notice of any amendment that provides for "a significant reduction in the rate of future benefit accrual." 29 U.S.C. § 1054(h)(1). A plan

6

administrator who fails to supply these documents within 30 days of a participant's request may, in the court's discretion, be liable to the participant for a penalty of up to $110 a day from the date of such failure. 29 U.S.C. § 1132(c)(1); 29 CFR § 2575.502c-1.

        *b.*        *Benefit Determination Under ERISA*

A plan participant may seek declaratory judgment "to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). However, when a plan provides a procedure for administrative review of benefits determinations, courts generally decline to exercise jurisdiction before the review process is exhausted. *Amato v. Bernard*, 618 F.2d 559, 566-68 (9th Cir. 1980). If a plaintiff brings a lawsuit before exhausting his administrative remedies, remand to the plan administrator is appropriate. *Id.* at 569. On remand, the plan administrator is responsible for applying the correct standard to the participant's claim. *Saffle v. Sierra Pacific Power Co.*, 85 F.3d 455, 461 (9th Cir. 1996).

        *c.*        *Attorney's Fees Under ERISA*

A plan participant that prevails in a case under § 1132 should ordinarily recover an attorney's fee unless the circumstances would render such an award unjust. *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (1984).

3. *Discussion*

   a. *Defendant Failed to Provide the Required Documents Within the Time Period Prescribed By Statute*

Defendant was required to provide Plan documents to Plaintiff within 30 days upon request. 29 U.S.C. § 1132. In his Initial Request, Plaintiff asked for copies of the Plan, the latest Plan summary, the latest annual report, and any modifications to the Plan. Defendant produced a summary of the latest annual report within 14 days. However, Defendant failed to provide copies of the Plan and Plan summary until 322 days after Plaintiff requested them. Moreover, Defendant waited 734 days, or 704 days beyond the time limit prescribed by law, to produce the 1999 Amendment that purports to significantly reduce Plaintiff's retirement benefits. In light of these delays, the Court has the discretion to hold Defendant liable to Plaintiff for daily penalties. *Id*.

Defendant contends that he was not required to produce a copy of the 1999 Amendment, or written notice thereof, because "modifications" are not among the documents listed in 29 U.S.C. § 1024(b)(4). However, as the court in *Crotty v. Cook* explained, the penalty provision in 29 U.S.C. § 1132(c)(1) applies not only to the documents in § 1024(b)(4), but to "any information [that the] administrator is required by this title to furnish to a participant." 121 F.3d 541, 547 (9th Cir. 1997) (quoting § 1132). Specifically, the penalty provision applies when a participant requests something that he was entitled to receive automatically. *Id*. In the present case, Plaintiff was entitled to receive notice of the 1999 Amendment automatically under 29 U.S.C. § 1054(h)(1), which mandates disclosure of any modification that causes a "significant reduction in the rate of future benefit

accrual." Thus, Defendant was required to produce a copy of the amendment within 30 days of the Initial Request, and his failure to do so provides a basis for penalties under ERISA.

Pursuant to the findings above and the discretion conferred by 29 U.S.C. § 1132(c)(1), the Court awards 25% of the maximum daily penalty of $110 for each of the 704 days that Defendant was delinquent in providing the Plan documents. The total penalty therefore amounts to $19,360.

### b. *The Plan Administrator Must Determine the Amount of Plaintiff's Benefits Under the Plan*

#### i. Remand is Warranted Because Plaintiff Failed to Exhaust the Plan's Administrative Remedies

Before making a determination concerning benefits under the Plan, the Court may require the Plaintiff to exhaust the Plan's internal administrative review process. *Amato*, 618 F.2d at 568. Under the terms of the Plan, a participant must submit any claim for benefits to the Plan administrator, who is responsible for determining the validity of the claim. (PAE, Ex. 5 at D53.) A participant may challenge this initial determination by the Plan administrator via written objection. After considering the challenge, the Plan administrator must provide a final decision and an explanation for that decision. The final decision is subject to review in federal court. (*Id.*)

Both parties recognize that the administrative review process described above has not yet been completed in this case. Therefore, the Plaintiff's declaratory judgment claim should be remanded to the Plan administrator (i.e., Defendant). In order to determine the proper parameters of the remand order, the Court examines the events that

transpired prior to this trial in light of the procedure dictated by the Plan.

### ii. The Plan's Review Procedure Establishes a Deadline for Defendant's Final Decision

The evidence in this case shows that Plaintiff wrote to Defendant on December 15, 2009, seeking a calculation of his accrued retirement benefits and the paperwork necessary to withdraw those benefits from the Plan. This constituted a claim for benefits under the Plan's administrative review provisions. (PAE, Ex. 5 at D53.)

Defendant responded to Plaintiff's claim on August 5, 2010, declaring that Plaintiff's accrued retirement benefit amounted to $40,790. Five days later, on August 10, Plaintiff challenged this calculation based on a discrepancy between the documents that Defendant had previously produced. Although both Defendant and his third party administrator expressed a lack of confidence in the calculation, there is no evidence that Defendant considered the challenge and rendered a final decision as required by the Plan.

The Plan's administrative review procedure dictates that Defendant should have responded to Plaintiff's challenge within 60 days. However, Defendant did not meet this deadline.[5] Therefore, the Court now finds that Defendant must render a final decision within 60 days from the entry date of this order.

---

[5] Neither party has addressed Defendant's failure to render a final decision within the Plan's 60 day time limit, so the reasons for that failure are unclear.

      iii.  Defendant Must Determine Whether He Provided Notice of the 1999 Amendment Before He Renders His Final Decision

The proper calculation of Plaintiff's benefits depends largely on whether Defendant provided notice of the 1999 Amendment to Plan participants. If Defendant failed to provide legally sufficient notice pursuant to 29 U.S.C. § 1054(h), then the Amendment reducing Plaintiff's benefits is invalid. Therefore, Defendant must determine on remand whether he provided such notice. Defendant need not establish that he provided actual notice specifically to Plaintiff. Rather, Defendant must establish that the amendment was "sent by a method or methods of delivery likely to result in full distribution" to Plan participants. 29 CFR § 2520.104b-1(b)(1).

In keeping with the Plan's review procedure, the Court orders Defendant to "stat[e] specific reasons for [his final] decision," with respect to the notice issue and all other issues that factor into the benefit calculation. These reasons must accompany the final decision, which shall be rendered within 60 days from the entry of this order, as specified above.

  *c. Plaintiff is Entitled to Attorney's Fees and Costs*

29 U.S.C. § 1132(g) allows the Court to award attorney's fees and costs in civil actions under ERISA. In *Hummell v. S.E. Rykoff & Co.*, the Ninth Circuit provided five factors that guide the Court's exercise of discretion in this matter. 634 F.2d 446, 453 (9th Cir. 1980). These factors include "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the

opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." The Ninth Circuit subsequently explained that "[n]o one of the Hummell factors, however, is necessarily decisive, and some may not be pertinent in a given case." *Carpenters S. California Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984). A proper application of the factors generally results in an award of fees and costs to plaintiffs who succeed on any significant issue in litigation. *Smith*, 746 F.2d at 589.

In this case, the Hummell factors support an award of attorney's fees and costs to the Plaintiff. First, there is no evidence that either party acted in bad faith, but the Defendant did fail to satisfy his document disclosure obligations. Second, while Defendant claims that he can ill afford an award of attorney's fees because his company is small, there is no reason to believe that he is any less able to bear the costs of this lawsuit than the Plaintiff. Third, an award of fees to the Plaintiff will deter future violations of ERISA, while requiring the Plaintiff to bear these costs himself would deter future plaintiffs from bringing legitimate actions that further "the remedial purposes of ERISA." *See Smith*, 745 F.2d at 591. Fourth, Plaintiff may not be the only Plan participant to benefit from this action, since the 1999 Amendment that Plaintiff challenges purports to reduce the benefits of other Plan participants as well. Fifth, the Court's decisions on the substantive issues in this case attest to the relative merit of Plaintiff's position. Overall, the *Hummell* factors

strongly support an award of attorney's fees and costs to the Plaintiff.

III. <u>**CONCLUSION**</u>

Based on the foregoing, the Court grants judgment in the amount of $19,360 in favor of Plaintiff on his claim for penalties. The Court remands Plaintiff's claim for declaratory judgment to the Plan Administrator for timely determinations consistent with this opinion. Finally, the Court grants attorney's fees and costs to Plaintiff. The amount of attorney's fees shall be determined upon Plaintiff's request by regularly noticed motion. The amount of costs shall be determined by application to the Clerk of the Court.

**IT IS SO ORDERED.**

**April 4, 2011**
Dated

_____
R. Gary Klausner
U.S. District Court Judge